1  Steven C. Vondran, Esq. [SBN 232337]
2  **THE LAW OFFICES OF STEVEN C. VONDRAN, PC**
   620 Newport Center Drive, Suite 1100
3  Newport Beach, CA 92660
   Telephone: (877) 276-5084
4  E-mail: steve@vondranlegal.com

5  Attorney for Plaintiff: *Dr. Elliot McGucken*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA WESTERN DIVISION**

| | |
|---|---|
| DR. ELLIOT MCGUCKEN, an individual, | Case No. |
| Plaintiff, | |
| vs. | **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR COPYRIGHT INFRINGEMENT** |
| ALISHA TAFF, an individual, ROCK FRONT RANCH, a Limited Liability Company, and DOES 1-10 inclusive. | |
| Defendant(s) | **DEMAND FOR A JURY TRIAL** |

COMES NOW Dr. Elliot McGucken ("Plaintiff"), hereby alleging as follows:

**JURISDICTION AND VENUE**

1. This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act of the United States, *17 U.S.C. §101 et seq.*

2. This Court has subject matter jurisdiction over Plaintiff's claims for copyright infringement pursuant to *28 U.S.C. §1331* (federal question) and *28 U.S.C.§ 1338* (jurisdiction over copyright actions).

1

COMPLAINT

3. This Court has personal jurisdiction over Defendants because Defendants reside within the Court's jurisdiction and damage was inflicted therein, and the brunt of the infringement injury was initiated within this jurisdiction.

4. Defendants also do business within this jurisdiction including in the commercial products industry.

5. Venue in this judicial district is proper under *28 U.S.C. §1391 et seq.* and in that this is the judicial district in which a substantial part of the acts and/or omissions giving rise to the claims are believed to have occurred and where personal jurisdiction otherwise exists as Defendant's activities injured Plaintiff in this jurisdiction.

## PARTIES

6. Plaintiff Dr. Elliot McGucken ("McGucken or "Plaintiff") is a professional photographer and author residing in Los Angeles, California. He does not sell his images on stock art websites but rather, maintains a fine art photography brand. He has sold his fine art for thousands of dollars and his work has appeared on the cover of Nikon magazine and in other photo-related publications. He routinely provides artwork to U.C.L.A. medical center. He also sells photography books which can be found on Amazon.com. His art and entrepreneurship course has been reported in the New York Times.

7. Defendant ALISHA TAFF, ("TAFF") has willfully infringed Plaintiff's copyrighted image causing damage in this jurisdiction and has purposefully availed herself of the benefits and protections of this jurisdiction.

8. Defendant ROCK FRONT RANCH LLC., ("RFR" and/or "Defendant" – Collectively both Defendants shall be hereby referred to as "Defendants") is a company believed to be doing business in this jurisdiction and is responsible for the infringement of Plaintiff's copyrighted photograph.

9. Plaintiff is unaware of the true names and capacities of the Defendants sued

herein as DOES 1 through 10, inclusive, and for that reason, sues such Defendants under such fictitious names. Plaintiff is informed and believes and, on that basis, alleges that such fictitiously named Defendants are responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were proximately caused by the conduct of said Defendants. Plaintiff will seek to amend the complaint when the names and capacities of such fictitiously named Defendants are ascertained. As alleged herein, "Defendant" shall mean all named Defendants, and all fictitiously named Defendants.

10.     For purposes of this Complaint, unless otherwise indicated, "Defendants" includes all agents, employees' officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogates, representatives and, insurers of Defendants named in this caption.

## FACTUAL ALLEGATIONS

11.     Plaintiff incorporates the allegations above as if alleged herein.

12.     Plaintiff is a fine art photographer and author and has a Ph.D. in physics. He does not sell his photographs via any "*stock images*" websites (like Getty or IstockPhoto) and instead is in the business of building a fine art brand with exquisite photos that are subject to widespread infringement requiring an ongoing enforcement effort.  A simple review of Plaintiff's art makes clear this is a unique art brand, that is unfortunately, subject to widespread infringement cases, especially by real estate companies and manufacturers and sellers of products who try to capitalize financially off his fine photographs without authorization of seeking out a potential licensing fee.

13.     Much time and financial risk goes into each shoot including photography and equipment expense, travel costs and other costs and Plaintiff bears these costs in building his brand.  If people misappropriate and infringe his works, this makes it all the more difficult to maintain control over his brand and his work gets plastered onto

websites like Defendants commercial website without authorization and without Plaintiff being able to control who uses his works and how they use his work, and for how long.

14.  Many persons incorrectly believe they can simply download and use his images, without authorization, for their own commercial uses without paying for a proper license.  This is not the case.

15.  Defendants have not paid for any licenses and had no consent to use any of Plaintiff's photos on any of their social media or commercial websites.

16.  Plaintiff is the sole author and rights holder to the original photograph(s) that were *willfully infringed* by Defendants" s) (the "Image(s)"), a true and correct copy of the United States Copyright Registration is attached hereto as **Exhibit "A"** registration number VA0002089199.

17.  Defendants have willfully and unlawfully copied and/or reproduced and/or publicly displayed and distributed Plaintiff's Image, without consent or authorization commercially capitalizing of Plaintiff's copyrighted Work(s) and in a manner that dilutes the value of his work.

18.  Plaintiff discovered the Image being used on Defendant's Website and demanded that the photo(s) images be taken down and any proof of licensing be provided (see **Exhibit "B"** for use of the photo)

19.  Plaintiff has never authorized the Defendant(s) to use the Image in any manner whatsoever, and no license is known to exist.

20.  On information and belief, the Defendants knew they did not have permission to use the Image on the Website for commercial purposes, and willfully infringed Plaintiff's Image by consciously failing to obtain a proper commercial license and in willful disregard of the rights of the photographer.

21.  Proving the willful and malicious nature of the infringement, Defendants

have a copyright notice of their website (See **Exhibit "C")** which indicates they are aware of the importance of copyright and how the law works, and yet continued to infringement in a manner that makes it appear Plaintiff's works are not Plaintiff's works at all, and instead Defendants copyrighted work. Defendants cannot claim innocent infringement.

## FIRST CAUSE OF ACTION
## COPYRIGHT INFRINGEMENT
### *[Against All Defendants]*

22. Plaintiff incorporates by reference and re-alleges herein all of the above paragraphs of this Complaint and all Exhibits as though fully stated herein.

23. Plaintiff is informed and believes and thereon alleges that the Defendants willfully violated the exclusive rights of Plaintiff original copyrighted work and infringed upon Plaintiff's copyrighted Image in violation of *Title 17 of the U.S. Code*, in that it used, published, communicated, posted, publicly displayed, distributed, and/or otherwise held out to the public for commercial benefit, the original and unique Image of the Plaintiff without Plaintiff's consent or authority, by using it in the Infringing manner on Defendant's Website. This also creates a false impression that Defendant is the owner of the image.

24. Defendants are a company that sells products, and their business derives value from the use of its imagery on their social media websites including their blogs and other social media. Plaintiff image was used to provide an air of luxury in a manner seeking to increase their sales.

25. Plaintiff did not consent to, authorize, permit, or otherwise allow, in any manner, Defendant's said use of Plaintiff's unique and original Image including for any reproduction, distribution, or public display on any of Plaintiff's websites.

26. Defendants willfully violated Plaintiff's exclusive rights to his Copyrights

in regard to:

(a) the exclusive right to **reproduce** its Works in Copies in violation of *17 U.S.C. §106(1) and §501*

(b) **distribute copies** of the Works to the public in violation of *17 U.S.C. §106(3) and §501*

(c) **publicly displaying** the copyrighted *Works in violation of 17 U.S.C. §106(5) and §105* by showing individual images of the Works.

27. Thus, they intentionally infringed, and acted in complete disregard of Plaintiff's exclusive rights which, by law, Defendants are presumed to know and must comply with.

28. Defendants committed infringements "*willfully*" within the meaning of *17 U.S.C. §504(c)2* and was fully aware of the obligations of copyright law as they have a copyright symbol on their website.

29. As a result of Defendants' willful violations of *Title 17 of the U.S. Code*, Plaintiff is entitled to any actual damages pursuant to *17 U.S.C. §504(b)*, or statutory damages in an amount from $30,000 up to $150,000.00 per infringement pursuant to *17 U.S.C§ 504(c)*.

30. As a result of the Defendants' violations of *Title 17 of the U.S. Code*, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to *17 U.S.C § 505*. Plaintiff seeks costs and reasonable attorney fees.

31. Plaintiff is also entitled to injunctive relief to prevent or restrain infringement of his copyright pursuant to *17 U.S.C. § 502* to prevent Defendant and/or their agents, representatives, successors, assigns, contractors and others from engaging in future acts of infringement of Plaintiff's valuable copyrighted works.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

- For an award of actual damages and disgorgement of all of Defendants profits attributable to the infringement as provided by *17 U.S.C. §504* in an amount to be proven at trial, or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendants in an amount from $30,000 up to $150,000.00 for each willful infringement pursuant to *17 U.S.C. §504(c),* whichever is larger;
- For an order pursuant to *17 U.S.C. §502(a)* enjoining Defendants from any further infringing use of any of Plaintiff's Image;
- For costs of litigation and reasonable attorney's fees against Defendants pursuant to *17 U.S.C. §505*;
- For an award of pre- and post-judgment interest; and
- For any other relief the Court deems just and proper.
- Plaintiff hereby demands a jury trial

Respectfully Submitted,

DATED: March 18, 2022        **THE LAW OFFICES OF STEVEN C. VONDRAN, P.C.**

By: /s/ Steven C. Vondran, Esq.
Steven C. Vondran, [SBN 232337]
ATTORNEY FOR PLAINTIFF
DR. ELLIOT MCGUCKEN
620 Newport Center Drive, Suite 100
Newport Beach, CA 92660
Telephone: (877) 276-5084
E-mail: steve@vondranlegal.com

COMPLAINT